IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

     v.

RAMON SUAREZ-CARMONA [38],

     Defendant.

CRIMINAL NO. 12-414 (DRD)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## RE: RULE 11(c)(1)(B) GUILTY PLEA HEARING

### I.    Procedural Background

On May 24, 2012, defendant Ramon Suarez-Carmona was charged in a multi-count indictment.  He agrees to plead guilty to Counts One and Six.

Count One charges that Mr. Suarez, and others, from about 2004 to the date of the indictment, did knowingly and intentionally conspire to possess with the intent to distribute 280 grams of cocaine base, one kilogram of heroin, five kilograms of cocaine, and/or 100 kilograms of marijuana  within 1000 feet of a protected location, in violation of Title 21, United States Code, Sections 841(a)(1), 846 and 860.  Count Six charges that during the same time period, defendant and others, aiding and abetting each other, did knowingly and lawfully use and carry firearms during and in furtherance of drug trafficking crimes charged in the indictment, in violation of Title 18, United States Code, Section 924(c).

Defendant appeared before me, assisted by the court interpreter, on August 5, 2013, since the Rule 11 hearing was referred by the court.  See United States v. Woodard, 387 F.3d 1329 (11th Cir. 2004) (magistrate judge had authority to conduct Rule 11 guilty plea hearing with consent of defendant).  He was advised of the purpose of the hearing and placed under oath with instructions that his answers must be truthful lest he would subject himself to possible charges of perjury or making a false statement.

USA v Ramon Suarez-Carmona [38]                                                          Page 2
CR. 12-414 (DRD)

**REPORT AND RECOMMENDATION ON GUILTY PLEA**

**II.      Consent to Proceed Before a Magistrate Judge**

Defendant was provided with a Waiver of Right to Trial by Jury form, which he signed. [1] He confirmed that his attorney explained and translated the form.  He was advised of his right to hold all proceedings, including the change of plea hearing, before a district court judge.  He received an explanation of the differences between the scope of jurisdiction and functions of a district judge and a magistrate judge.  He was informed that if he elects to proceed before a magistrate judge, then the magistrate judge will conduct the hearing and prepare a report and recommendation, subject to review and approval of the district judge, advising how to proceed.  The defendant then voluntarily consented to proceed before a magistrate judge.

**III.     Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure**

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations.  Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).  "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)).  There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244 (1st Cir. 1991)).

**A.       Competence to Enter a Guilty Plea**

This magistrate judge questioned the defendant about his age, education, employment, history of any treatment for mental illness or addiction,  use of any medication, drugs, or alcohol, and his understanding of the purpose of the hearing, all in order to ascertain his capacity to understand, answer and comprehend the change of plea colloquy. The court confirmed that the defendant

---

[1]  The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

**REPORT AND RECOMMENDATION ON GUILTY PLEA**

received the indictment and fully discussed the charges with his counsel and was satisfied with the

advice and representation he received.   The court further inquired whether defendant's counsel or

counsel for the government had any doubt as to his capacity to plead, receiving answers from both

that the defendant was competent to enter a plea.  After considering the defendant's responses, and

observing his demeanor, a finding was made that Mr. Suarez was competent to plead and fully aware

of the purpose of the hearing.

### B.      Maximum Penalties

Upon questioning, the defendant expressed his understanding of the maximum penalties

prescribed by statutes for the offenses to which he was pleading guilty, namely: as to Count One, a

term of imprisonment  not less than ten (10) years and up to a maximum of life; a fine of not more

than $20,000,000.00, or both, and a term of supervised release of at least ten years; as to Count Six,

a consecutive term of at least five years and up to life, a fine of up to $250,000, and a supervised

release term of up to five years.  A Special Monetary Assessment of $100.00 per count will also be

imposed, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code,

§3013(a).  The court explained the nature of supervised release and the consequences of revocation.

The defendant indicated that he understood the maximum penalties and the potential consequences

of the guilty plea.

### C.      Plea Agreement

Mr. Suarez was shown documents titled "Plea Agreement" and "Supplement to Plea

Agreement" (together, "Plea Agreement") which are part of the record, and identified his initials

and his signatures. He confirmed that he had the opportunity to read and discuss the Plea Agreement

with his attorney before he signed it, that his attorney translated the document, that it represented the

entirety of his understanding with the government, that he understood its terms, and that no one had

made any other or different promises or assurances to induce him to plead guilty.

The defendant was then admonished, pursuant to Fed. R. Crim. P. 11(c)(1)(B), and expressed

his understanding, that the terms of the plea agreement are merely recommendations to the court, and

**REPORT AND RECOMMENDATION ON GUILTY PLEA**

that the district judge who will preside over the sentencing hearing can reject the recommendation without permitting the defendant withdraw his guilty plea, and impose a sentence that is more severe than the defendant might anticipate.

The parties' sentencing calculations and recommendations appear in the Plea Agreement, and were explained in open court. The defendant confirmed that these were the sentencing recommendations he agreed to with the government. The defendant was specifically informed that any sentencing calculations contained in the Plea Agreement were not binding for the sentencing court, but were only estimates of possible terms of his sentence, and that the court, after considering the applicable Sentencing Guidelines, could impose a sentence different from any estimate in the Plea Agreement or provided by his attorney, and that the court had authority to impose a sentence that is more severe or less severe than the sentence called for by the Sentencing Guidelines. The defendant was advised, and understood, that the Sentencing Guidelines are no longer mandatory and are thus considered advisory, and that during sentencing the court will consider the sentencing criteria found at Title 18, United States Code, Section 3553(a).

The defendant was advised that under some circumstances he or the government may have the right to appeal the sentence the court imposes. The defendant was further informed, and professed to understand, that the Plea Agreement contains a waiver of appeal provision under which the defendant agreed to waive his right to appeal the judgement and sentence if the court accepts the Plea Agreement and sentences him according to its terms and conditions.

## D. Waiver of Constitutional Rights

The defendant was specifically advised that he has the right to persist in a plea of not guilty, and if he does so persist that he has the right to a speedy and public trial by jury, or before a judge sitting without a jury if the court and the government so agree; that at trial he would be presumed innocent and the government would have to prove his guilt beyond a reasonable doubt; that he would have the right to assistance of counsel for his defense, and if he could not afford an attorney the court would appoint one to represent him throughout all stages of the proceedings; that at trial he would

**REPORT AND RECOMMENDATION ON GUILTY PLEA**

have the right to hear and cross examine the government's witnesses, the right to decline to testify

unless he voluntarily elected to do so, and the right to the issuance of subpoenas or compulsory

process to compel the attendance of witnesses to testify on his behalf.  He was further informed that

if he decided not to testify or put on evidence at trial, his failure to do so could not be used against

him, and that at trial the jury must return a unanimous verdict before he could be found guilty.

The defendant specifically acknowledged understanding these rights, and understanding that

by entering a plea of guilty there would be no trial and he will be waiving or giving up the rights that

the court explained. The defendant's attorney attested that he explained these rights to his client and

believed that the defendant understood his explanations.

The defendant was informed that parole has been abolished and that any sentence of

imprisonment must be served.  Defendant was additionally informed that a pre-sentence report would

be prepared and considered by the district judge at sentencing. Defendant was further admonished

that his guilty plea, if accepted, may deprive him of valuable civil rights, such as the right to vote, to

hold public office, to serve on a jury, and to possess a firearm.  The defendant confirmed that he

understood these consequences of his guilty plea.

### E.      **Factual Basis for the Guilty Plea**

Defendant was read in open court Counts One and Six of the indictment and provided an

explanation of the elements of the offense. The meaning of terms used in the indictment was

explained. Upon questioning, the government presented to this magistrate judge and to defendant

a summary of the basis in fact for the offense charged in Counts One and Six and the evidence the

government had available to establish, in the event defendant elected to go to trial, the defendant's

guilt beyond a reasonable doubt.  The defendant was able to understand this explanation and agreed

with the government's submission as to the evidence which could have been presented at trial.

### F.      **Voluntariness**

The defendant indicated that he was not being induced to plead guilty, but was entering such

a plea freely and voluntarily because in fact he is guilty, and that no one had threatened him or

**REPORT AND RECOMMENDATION ON GUILTY PLEA**

offered him a thing of value in exchange for his plea. He acknowledged that no one had made any

different or other promises in exchange for his guilty plea, other than the recommendations set forth

in the plea agreement. Throughout the hearing the defendant was able to consult with his attorney.

## IV.    Conclusion

The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of

Criminal Procedure, and entered a plea of guilty as to Counts One and Six of the indictment.

After cautioning and examining the defendant under oath and in open court concerning each

of the subject matters mentioned in Rule 11, I find that the defendant, Ramon Suarez-Carmona, is

competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum

statutory penalties that it carries, understands that the charge is supported by evidence and a basis

in fact, has admitted to the elements of the offense, and has done so in an intelligent and voluntary

manner with full knowledge of the consequences of his guilty plea. Therefore, I recommend that the

court accept the guilty plea and that the defendant be adjudged guilty as to Counts One and Six of

the indictment.

This report and recommendation is filed pursuant to 28 U.S.C. §636(b)(1)(B) and Rule 72(d)

of the Local Rules of this Court. Any objections to the same must be specific and must be filed with

the Clerk of Court within fourteen (14) days of its receipt. Failure to file timely and specific

objections to the report and recommendation is a waiver of the right to review by the district court.

United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

**A sentencing hearing has been set for November 8, 2013 at 9:30 a.m. before District
Judge Daniel R. Domínguez.**

**IT IS SO RECOMMENDED.**

San Juan, Puerto Rico, this 5th day of August, 2013.


                                        *S/ Bruce J. McGiverin*
                                        BRUCE J. McGIVERIN
                                        United States Magistrate Judge